# EXHIBIT "A"

INDEX NO. 2019-54443

RECEIVED NYSCEF: 11/01/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**DUTCHESS COUNTY**

-------------------------------------------------------------------X

ISSA NESHEIWAT,

                                             **Plaintiff,**

                -against-

STATE FARM FIRE AND CASUALTY COMPANY,

                                        **Defendant.**

-------------------------------------------------------------------X

**Index No.:**

Plaintiff designates
Dutchess County
as the place of trial.

**SUMMONS**

The basis of venue is
the address of Plaintiff
2 S. Grand Avenue
Poughkeepsie, NY 12603

**TO THE ABOVE-NAMED DEFENDANT:**

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

       In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs and disbursements of this action.

Dated: Poughkeepsie, New York
       October 29, 2019

                              Michael Treybich, Esq.
                              TREYBICH LAW, P.C.
                              Attorneys for Plaintiff
                              272 Mill Street
                              Poughkeepsie, NY 12601

To:     State Farm Fire and Casualty Company
        One State Farm Plaza
        Bloomington, IL 61710

NYSCEF DOC. NO. 1

INDEX NO. 2019-54443

RECEIVED NYSCEF: 11/01/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**DUTCHESS COUNTY**
------------------------------------------------------------X   **Index No.:**

ISSA NESHEIWAT,
                                                                        **COMPLAINT**

                                            Plaintiff,

                        -against-

STATE FARM FIRE AND CASUALTY COMPANY,

                                            Defendant.
------------------------------------------------------------X

   Plaintiff, by his attorneys, Treybich Law, P.C., as and for their Complaint against the

Defendant, alleges the following:

### PARTIES & BACKGROUND

   1.      At all times mentioned herein, the plaintiff, Issa Nesheiwat, was and still is a

natural person residing in the State of New York in Dutchess County.

   2.      At all times mentioned herein, the defendant, State Farm Fire and Casualty

Company, was and still is engaged in the business of insurance within the State of New York.

   3.      At all times mentioned herein, the defendant, State Farm Fire and Casualty

Company, was and still is engaged in the business of writing and issuing insurance polices within

the State of New York.

   4.      On or about September 13, 2017, Plaintiff became the owner of property located

at 204 Church Street, Poughkeepsie, NY 12601. (hereinafter, the "Property")

   5.      Plaintiff purchased the Property from the City of Poughkeepsie with the intention

of renovating it and renting units in the property.

   6.      Because of the condition and historic nature of the Property, the City of

Poughkeepsie sold the Property to Plaintiff at less than the market value, with the requirement

Case 7:19-cv-11775-VB Document 1-1 Filed 12/24/19 Page 4 of 7
NYSCEF DOC. NO. 1

that property must be renovated, and that such renovation had to begin, and be completed by a date certain, otherwise the City of Poughkeepsie had a right of reversion to the Property.

7.      Defendant was aware at all relevant times about the time sensitive nature of the Plaintiff's claim.

8.      On or about February, 2018, Plaintiff obtained a building permit from the City of Poughkeepsie to begin renovations to the Property.

9.      On or about March 11, 2019, following a winter storm, the Plaintiff discovered damages to the Property. (hereinafter, the "Loss")

10.      Upon information and belief, the value of repairing the Loss is estimated to be worth at least the sum of $242,300.00.

11.      Fortunately, Plaintiff purchased a property insurance policy from the Defendant, bearing Policy Number 98CAJ3444, which insures the Property "accidental direct physical loss". (hereinafter, the "Policy")

12.      On or about March 11, 2019, the Plaintiff notified the Defendant of the Loss.

13.      Upon information and belief, due to the cost of repairing the Loss, if the Defendant withheld payment for the Loss, the Plaintiff would be unable to complete renovations to the Property.

14.      The Defendant was aware of this.

15.      After an extensive, and time consuming investigation under the Policy, with which the Plaintiff fully complied, upon information and belief, the Defendant found no evidence of wrongdoing, and on October 7, 2019, the Defendant implied that there was coverage under the Policy, but determined that the Loss does not exceed the Plaintiff's $3,469 deductible.

16.      The Plaintiff cannot complete renovations to the Property.

Case 7:19-cv-11775-VB   Document 1-1   Filed 12/24/19   Page 5 of 7

17.     Upon information and belief, as a result, the City of Poughkeepsie has, or is about to, exercise the reversion clause contained in the deed.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

18.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "17", inclusive, with the same force and effect as if set forth at length herein.

19.     At all times mentioned herein, the Defendant issued the Policy to the Plaintiff.

20.     That the Policy insured the Plaintiff for all losses to the Property due to, *inter alia,* wind damage.

21.     That the Policy insured the Plaintiff for all losses to the Property naturally flowing from, *inter alia*, wind damage.

22.     That the Plaintiff paid all policy premiums.

23.     That the Loss occurred during the relevant policy period.

24.     That as a result of the aforementioned Loss, the Property sustained damage to its structure, roof, windows, interiors, fixtures, architectural elements, and other portions of the building.

25.     That as a result of the aforementioned Loss, water infiltrated the Property and caused further damage.

26.     That the Policy was in full force and effect at the time of the occurrence mentioned herein.

27.     That Plaintiff gave timely notice of the claim pursuant to the applicable provisions of the Policy. (hereinafter, the "Claim")

28.    Defendant has breached the Policy by failing to provide full coverage for the Claim and blatantly disregarding the rights of Plaintiff by: (a) refusing to acknowledge coverage even though its liability is clear; (b) unreasonably conducting and delaying its investigation and handling of the Claim; and (c) unreasonably requesting information despite being provided with voluminous financial, architectural and building records demonstrating the Plaintiff's plans for and damages to the Property.

29.    That as a result of Defendant's breach of contract, the Plaintiff, was damaged in a sum of money that exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction of this action, and is believed to be the sum of at least $242,300.00.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing**

30.    Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "29", inclusive, with the same force and effect as if set forth at length herein.

31.    New York law imposes on the Defendant an implied covenant of good faith and fair dealing in the Policy.

32.    Defendant has breached the implied covenant of good faith and fair dealing in one or more of the following ways: (a) by arbitrarily, and with reckless disregard for the rights of Plaintiff, refusing to acknowledge coverage and effectuate prompt, fair, and equitable settlement of the Claim; (b) knew or recklessly disregarding that it was acting unreasonably in failing to honor its obligations under the policy; (c) ignoring the voluminous backup documentation provided by Plaintiff demonstrating the nature, extent, and cause of damage, as well as the risk of the Plaintiff losing the Property, the investment already made in the Property, as well as the

Case 7:19-cv-11775-VB Document 1-1 Filed 12/24/19 Page 7 of 7

future value of the Property due to the Defendant's delay in settling the Claim; and (d) forcing Plaintiff to sue for coverage.

33.   Plaintiff has been damaged by Defendant's breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial.

34.   Plaintiff is entitled to consequential damages flowing from Defendant's violation of the implied covenant of good faith and fair dealing, including, without limitation, prejudgment interest on the amount owed under the Policy, and the attorneys' fees, costs, and disbursements incurred by Plaintiff in enforcing its rights as a consequence of Defendant's bad faith conduct.

35.   Consequential damages for bad faith breach of the Policy were reasonably contemplated by Plaintiff and Defendant at the time they entered into the Policy.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in a sum of money which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction over this matter, and is believed to be the sum of at least $242,300.00 on the first cause of action, in an amount to be determined at trial on the second cause of action, together with costs, interest and disbursements, and whatever other relief the trial court deems just, proper and equitable.

Dated: Poughkeepsie, New York
          October 29, 2019

                                                    Michael Treybich, Esq.
                                                    TREYBICH LAW, P.C.
                                                    Attorneys for Plaintiff
                                                    272 Mill Street
                                                    Poughkeepsie, NY 12601

To:     State Farm Fire and Casualty Company
          One State Farm Plaza
          Bloomington, IL 61710